**EXHIBIT A**

Person Filing: Lawrence R Moon
Address (if not protected): 2999 N. 44th Street Ste 325
City, State, Zip Code: Phoenix, AZ 85018
Telephone: (602)857-8180
Email Address: lgundelach@pmzlaw.com
Representing [□ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 017000, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
8/21/2025 5:32:13 PM
Filing ID 20442980

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2025-030047

Hendrix Wholesale Supply, LLC
Name of Plaintiff

**SUMMONS**

AND

Accredited Surety and Casualty Company, In, et al.
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Accredited Surety and Casualty Company, In
Name of Defendant

1.    **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.    If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #12051131

3.    If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.    You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *August 21, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
8/21/2025 5:32:13 PM
Filing ID 20442979

Person/Attorney Filing: Lawrence R Moon
Mailing Address: 2999 N. 44th Street Ste 325
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (602)857-8180
E-Mail Address: lgundelach@pmzlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 017000, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Hendrix Wholesale Supply, LLC<br>Plaintiff(s),<br>v.<br>Accredited Surety and Casualty<br>Company, In, et al.<br>Defendant(s). | Case No.  CV2025-030047<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this  August 21, 2025

By: Lawrence R Moon /s/
Plaintiff/Attorney for Plaintiff

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
8/21/2025 5:32:13 PM
Filing ID 20442978

**Plaintiff's Attorneys:**

Lawrence R Moon - Primary Attorney
Bar Number: 017000, issuing State: AZ
Law Firm: Poli, Moon & Zane, PLLC
2999 N. 44th Street Ste 325
Phoenix, AZ 85018
Telephone Number: (602)857-8180
Email address: lgundelach@pmzlaw.com

CV2025-030047

Michael N. Poli
Bar Number: 006431, issuing State: AZ
Law Firm: Poli, Moon & Zane, PLLC
Telephone Number: (602)857-8180

Yuzhuo Li
Bar Number: 036321, issuing State: AZ
Law Firm: Poli, Moon & Zane, PLLC
Telephone Number: (602)857-8180

**Plaintiff:**

Hendrix Wholesale Supply, LLC

**Defendants:**

Accredited Surety and Casualty Company, In

Attune Insurance Services, LLC

North American Risk Services, Inc.

Discovery Tier t3

Case Category: Contracts
Case Subcategory: Other Contract (Breach of Contract)

AZTurboCourt.gov Form Set #12051131

Civil Cover Sheet
Page 1 of 1

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
8/21/2025 5:32:13 PM
Filing ID 20442977

**POLI, MOON & ZANE, PLLC**
Michael N. Poli (State Bar No. 006431)
mpoli@pmzlaw.com
Lawrence R. Moon (State Bar No. 017000)
lmoon@pmzlaw.com
Yuzhuo Li (State Bar No. 036321)
yli@pmzlaw.com
2999 N. 44th Street, Suite 325
Phoenix, Arizona 85018
Telephone:    (602) 857-8180
Facsimile:    (602) 857-7333
docket@pmzlaw.com
*Attorneys for Plaintiff*

## ARIZONA SUPERIOR COURT

## MARICOPA COUNTY

| | |
|---|---|
| HENDRIX WHOLESALE SUPPLY, LLC, an Arizona limited liability company, | Case No.: **CV2025-030047** |
| | **COMPLAINT** |
| Plaintiff, | **(Tort; Non-Motor Vehicle, Breach of Contract)** |
| v. | **Discovery Tier 3** |
| ACCREDITED SURETY AND CASUALTY COMPANY, INC., a Florida corporation; ATTUNE INSURANCE SERVICES, LLC, a Delaware limited liability company; and NORTH AMERICAN RISK SERVICES, INC., a Florida corporation, | |
| Defendants. | |

Plaintiff Hendrix Wholesale Supply, LLC, for its complaint against Defendants Accredited Surety and Casualty Company, Inc., Attune Insurance Services, LLC, and American Risk Services, Inc., hereby alleges as follows:

### JURISDICTION AND VENUE ALLEGATIONS

1.      Hendrix Wholesale Supply, LLC ("Hendrix" or "Plaintiff") is an Arizona limited liability company conducting business in Maricopa County, Arizona.

2.      Defendant Accredited Surety and Casualty Company, Inc. ("Accredited") is a Florida corporation engaged in the business of insurance in Maricopa County, Arizona.

3.      Defendant Attune Insurance Services, LLC ("Attune") is a Delaware limited liability company, engaged in the business of insurance in Maricopa County, Arizona.

1    Upon information and belief, Attune is a program administrator for Accredited.

2        4.    Defendant North American Risk Services, Inc. ("NARS") is a Florida

3    corporation, conducting business in Maricopa County, Arizona.  Upon information and

4    belief, NARS is a third-party administrator for Defendant Accredited.

5        5.    Defendants Accredited, Attune, and NARS are collectively referred to herein

6    as "Defendants."

7        6.    The property that is the subject of this action is located in Maricopa County,

8    Arizona.

9        7.    The insurance policy that is the subject of this action was delivered to Plaintiff

10   in Maricopa County, Arizona.

11       8.    This Court has jurisdiction over the subject matter of this action and the

12   parties to this action.  Venue is proper in this Court.

13       9.    The amount of damages sought by Plaintiff exceeds the minimum

14   jurisdictional amount established for filing in this Court and qualifies for Tier 3 discovery

15   limits pursuant to Rule 26.2, Ariz. R. Civ. P.

16                         **FACTUAL ALLEGATIONS**

17       10.    At all relevant times herein, Plaintiff owned and operated the property and

18   improvements located at 5646 West Bethany Home Road, Glendale, Arizona 85301 (the

19   "Property").

20       11.    On or about July 1, 2023, a fire occurred at the Property causing significant

21   damage to the Property, both to structures on the Property and the business inventory,

22   equipment and other items in the structures at the time of the fire (collectively, the "Loss").

23       12.    At the time of the Loss, the Property was insured under an insurance policy

24   issued by Accredited identified as policy number 1ABPAZ05133193600 (the "Policy").

25       13.    At the time of the Loss, the Policy was in full force and effect.

26       14.    Plaintiff timely submitted to a claim to Accredited regarding the Loss, which

27   Accredited assigned the claim number ABPAC223070018 (the "Claim").

28       15.    Upon information and belief, Accredited assigned the Claim to NARS to

                                    - 2 -

1  adjust.

2      16.    Upon information and belief, Attune assisted Accredited and NARS to adjust

3  the Claim or participated in its adjustment on behalf of Accredited.

4      17.    Plaintiff has performed all of its obligations and responsibilities under the

5  Policy with the respect to the Claim.

6      18.    Defendants retained the services of Engle Martin Associates ("Engle Martin")

7  to assist them in adjusting the Claim.

8      19.    On or about August 16, 2023, Plaintiff retained public adjusters Skipton and

9  Associates, Inc. ("SAI"), to assist it in adjusting the Claim.

10     20.    On or about August 23, 2023, Plaintiff retained the services of Kowalski

11  Construction, Inc. ("Kowalski"), to prepare an estimate of the cost of repairs of the damages

12  embodied in the Loss.

13     21.    Kowalski estimated the Replacement Cost Value ("RCV") of the repairs of

14  the damages to the warehouse structures to be $1,554,518.79.

15     22.    Kowalski estimated the RCV of the repairs of the warehouse offices to be

16  $172,980.94.

17     23.    Engle Martin retained the services of 360 Building Group Consulting ("360

18  BGC") to prepare an estimate of the cost of repair of the damages embodied in the Loss.

19     24.    On or about August 28, 2023, NARS sent an advance payment to Plaintiff in

20  the amount of $50,000 for a portion of the undisputed amount of the Claim.

21     25.    On or about September 28, 2023, NARS sent another payment to Plaintiff in

22  the amount of $206,821.96, with a payment description of "Undisputed payment less

23  advance."

24     26.    On or about September 29, 2023, 360 BGC estimated the RCV of the repairs

25  of the warehouse building to be $832,954.70, with an Actual Cash Value ("ACV") of

26  $758,057.68.

27     27.    360 BGC estimated the RCV of repairs of the warehouse offices to be

28  $101,771.76, with an ACV of $87,678.82.

28.     On or about November 28, 2023, NARS sent another payment to Plaintiff in the amount of $587,914.54, with a payment description of "supplemental undisputed claim payment."

29.     Defendants have paid no other amounts on the Claim.

30.     Defendants know, or should know, that their evaluation of the Loss was unreasonable, untimely, incomplete and incompetent, and a breach of the duty and obligation of good faith and fair dealing owed to Plaintiff in connection with the Policy.

31.     Defendants know, or should know, that their failure to provide full coverage to Plaintiff for the Loss is not justified.

32.     Defendants limited their payments for the Claim in bad faith.

33.     Defendants' conduct complained of herein was, and continues to be, intentional, willful and wanton, and taken in conscious and deliberate disregard of Plaintiff's rights, thus justifying the imposition of punitive damages.

34.     With respect to the events giving rise to this lawsuit, at various times and in various ways, Defendants acted through other agents and employees, and Defendants are vicariously liable for the acts and omissions of those agents and employees.

35.     Plaintiff has incurred attorneys' fees and costs in connection with this action, the fire, and the Loss.

36.     Plaintiff demands a jury trial of all claims triable by a jury.

**Count One: Breach of Insurance Contract; Breach Of Covenant of Good Faith and Fair Dealing (Defendant Accredited Surety Casualty, Inc., only)**

37.     The foregoing allegations are hereby incorporated by this reference.

38.     Accredited Surety agreed to provide property insurance coverage to Plaintiff for the Property.

39.     Accredited Surety was paid premiums in exchange for its indemnity obligations to Plaintiff.

40.     The Policy, like all contracts within the State of Arizona, contains an implied covenant of good faith and fair dealing.

- 4 -

41. Plaintiff fulfilled all of its obligations under the Policy.

42. Accredited failed to perform its obligations pursuant to the Policy.

43. By failing to conduct an adequate investigation and wrongfully failing to process the Claim in good faith and pay the Claim timely and in full, Accredited breached the Policy, including the implied covenant of good faith and fair dealing in that agreement, thereby depriving Plaintiff of the benefits it was to have received under the Policy.

44. Accredited failed to handle Plaintiff's Claim in a reasonable and timely manner and has failed to make payments owed under the Policy.

45. As a direct and proximate result of Accredited's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has sustained reasonably foreseeable damages, and continues to sustain such damages, in an amount to be proven at trial.

46. Accredited is vicariously liable for the acts and omissions of its agents and representatives, including but not limited to Attune and NARS.

47. Plaintiff is entitled to an award of attorneys' fees under A.R.S. § 12-341.01.

WHEREFORE, on this claim, Plaintiff requests judgment against Defendant Accredited Surety as follows:

A. For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

B. For attorneys' fees and costs, and in the event of a default judgment, for attorneys' fees in the amount of $8,000.00;

C. For pre- and post-judgment interest;

D. For taxable costs pursuant to A.R.S. § 12-341; and

E. For such other relief as the Court deems just and proper.

### Count Two: Tortious Bad Faith Claims Handling
#### (as to All Defendants)

48. All of the foregoing allegations are hereby incorporated by this reference.

49.     In Arizona, "the tort of bad faith arises when the insurer 'intentionally denies, fails to process or pay a claim without a reasonable basis.'" *Zilisch v. State Farm Mutual Auto. Ins. Co.*, 196 Ariz. 234, 995 P.2d 276, 279 ¶ 20 (2000) (quoting *Noble v. National Am. Life Ins. Co.*, 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981)). "An insurance contract is not an ordinary commercial bargain; 'implicit in the contract and the relationship is the insurer's obligation to play fairly with its insured.'" *Id.* (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565, 570 (1986)). "The insurer has 'some duties of a fiduciary nature,' including '[e]qual consideration, fairness and honesty.'" *Id.* (quoting *Rawlings*, 151 Ariz. at 155, 726 P.2d at 571). "[T]he insurer's eventual performance of the express covenant — by paying the claim — does not release it from liability for 'bad faith.'" *Id.* (citing *Rawlings*, 151 Ariz. at 156, 726 P.2d at 572). "Thus, if an insurer acts unreasonably in the manner in which it processes a claim, it will be held liable for bad faith 'without regard to its ultimate merits.'" *Id.* (quoting *Deese v. State Farm Mutual Auto. Ins. Co.*, 172 Ariz. 504, 508, 838 P.2d 1265, 1270 (1992)). "The carrier has an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim and act promptly in paying a legitimate claim." *Id.* at ¶ 21. In particular, "[t]he carrier has an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim and act promptly in paying a legitimate claim." *Id.* "Where coverage is not contested but the amount of the loss is disputed, the insurer is under a duty to pay any undisputed portion of the claim promptly. Failure to do so amounts to bad faith." *Borland v. Safeco Ins. Co. of America*, 147 Ariz. 195, 200, 709 P.2d 552, 557 (App. 1985) (citations omitted).

50.     Defendants owed and continue to owe Plaintiff a duty of good faith and fair dealing.

51.     Pursuant to the terms of the Policy, Defendants are obligated to pay Plaintiff for the Loss associated with and arising from the fire.

52.     Without any reasonable justification for doing so, Defendants have failed to make payments to Plaintiff for the full amount due under the Policy for the Loss as a result of the fire.

- 6 -

53.    Defendants have breached their contractual and/or common law obligations to Plaintiff and have refused to perform their duty to cooperate with Plaintiff to, *inter alia*, adjust and negotiate the insurance claim fairly and in good faith.

54.    As described herein, Defendants breached their contractual and/or quasi-fiduciary obligations to Plaintiff.

55.    Upon information and belief, Defendants' conduct has been self-serving and a ploy to protect Defendants' own financial interests, at the expense of Plaintiff's rights.

56.    Also upon information and belief, Defendants have consciously pursued a course of conduct knowing that it created a substantial risk and significant harm to others. Furthermore, Defendants acted to serve their own interests, rather than the interests of Plaintiff.

57.    Defendants committed the above acts and omissions intentionally, maliciously, and fraudulently, and acted to further their own economic interests, at Plaintiff's expense.

58.    As a result of Defendants' unjustified failure to pay for the Loss, timely and in full, Plaintiff has suffered and continues to suffer significant consequential losses, including but not limited to, expenses and losses arising from items that should have been paid for or covered under the Policy.

WHEREFORE, on this claim, Plaintiff requests judgment against Defendants, as follows:

A.    For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

B.    For attorneys' fees and costs, and in the event of a default judgment, for attorneys' fees in the amount of $8,000.00;

C.    For pre- and post-judgment interest;

D.    For taxable costs pursuant to A.R.S. § 12-341; and

E.    For such other relief as the Court deems just and proper.

/    /    /

- 7 -

DATED this 21st day of August, 2025.

**POLI, MOON & ZANE, PLLC**

By: _/s/ Lawrence R. Moon_
    Michael N. Poli
    Lawrence R. Moon
    Yuzhuo Li
    *Attorneys for Plaintiff*

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

CLERK OF THE
SUPERIOR COURT
FILED
V. SATURNINO, DEP

2025 SEP 10 AM 11: 54

Inv. #

**163898**

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**HENDRIX WHOLESALE SUPPLY. L.L.C.**

                                                    **Plaintiff / Petitioner,**

vs.

**ACCREDITED SURETY AND CASUALTY COMPANY, INC.; et**
**al.**

                                                    **Defendant / Respondent.**

NO.   **CV2025-030047**

CERTIFICATE OF SERVICE

<u>Cherise Fussy</u>                                        , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant
to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this
action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVER SHEET**

from                **Lawrence R. Moon c/o Poli Moon & Zane, P.L.L.C.**                              on           9/5/25           ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where
noted, all services were made in Maricopa County, Arizona.

**NAME:**   **NORTH AMERICAN RISK SERVICES, INC., c/o Corporation Service Company**

**DATE & TIME:**  9/5/25 1:34pm
**PLACE &**        7955 S. PRIEST DRIVE  STE.102  TEMPE, AZ 85284, which is his/her place of business.
**MANNER:**        By serving Nicole Wise, Agent, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 30's, Ht: 5' 5in., Wt: 150, Eyes: brown, Hair: brown, Ethnicity: Cauc.

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | $54.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $3.00 |
| Total | $98.00 |

12 pages

**Affiant - Registered in**
**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

CLERK OF THE
SUPERIOR COURT
FILED
V. SATURNINO, DEP

2025 SEP 10 AM 11: 55

| Inv. # | | SUPERIOR COURT OF THE STATE OF ARIZONA |
|---|---|---|
| **163897** | | **IN AND FOR THE COUNTY OF MARICOPA** |

**HENDRIX WHOLESALE SUPPLY. L.L.C.**

Plaintiff / Petitioner,

vs.

**ACCREDITED SURETY AND CASUALTY COMPANY, INC.; et al.**

Defendant / Respondent.

NO.   **CV2025-030047**

CERTIFICATE OF SERVICE

<u>Cherise Fussy</u>                          , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVER SHEET**

from _____ **Lawrence R. Moon c/o Poli Moon & Zane, P.L.L.C.** _____ on _____ **9/5/25** _____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**    **ATTUNE INSURANCE SERVICES, L.L.C., c/o CT Corporation Systems**

**DATE & TIME:**    9/5/25 12:40pm
**PLACE &**    3800 N. CENTRAL AVENUE  STE.460  PHOENIX, AZ 85012, which is his/her place of business.
**MANNER:**    By serving Dementria Tsosie, Clerk, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 30's, Ht: 5' 5in., Wt: 150, Eyes: brown, Hair: brown, Ethnicity: Black

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | $30.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $3.00 |
| **Total** | **$74.00** |

12 pages

**Affiant - Registered in**
**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

CLERK OF THE
SUPERIOR COURT
FILED
V. SATURNINO, DEP

2025 SEP 10  AM 11: 54

Inv. #

**163896**

## SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**HENDRIX WHOLESALE SUPPLY. L.L.C.**

                                        Plaintiff / Petitioner,

vs.

**ACCREDITED SURETY AND CASUALTY COMPANY, INC.; et al.**

                                        Defendant / Respondent.

NO.  **CV2025-030047**

CERTIFICATE OF SERVICE

<u>Cherise Fussy</u>                    , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVER SHEET**

from                 **Lawrence R. Moon c/o Poli Moon & Zane, P.L.L.C.**                on         **9/5/25**        ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**   **ACCREDITED SURETY AND CASUALTY COMPANY, INC., c/o Department of Insurance and Financial Institutions**

**DATE & TIME:**  9/5/25 1:09pm

**PLACE & MANNER:**  100 N. 15TH AVENUE  STE.261  PHOENIX, AZ 85007, which is his/her place of business.
By serving Danielle Vaughn, Account Specialist, a person authorized to accept such service on their behalf, in person.

$15.00 service fee tendered. Description of the Named: Female, Age: 30's, Ht: 5' 6in., Wt: 200, Eyes: blue, Hair: blonde, Ethnicity: Cauc.

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | $30.00 |
| Sp. Handl. | |
| Witness | |
| Advances | $15.00 |
| Cert. Prep | $25.00 |
| Other | $7.50 |
| Total | $93.50 |

24 pages, s/c

**Affiant - Registered in**
**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

Person Filing: Lawrence R Moon
Address (if not protected): 2999 N. 44th Street Ste 325
City, State, Zip Code: Phoenix, AZ 85018
Telephone: (602)857-8180
Email Address: lgundelach@pmzlaw.com
Representing [ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 017000, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
8/21/2025 5:32:13 PM
Filing ID 20442982

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2025-030047

Hendrix Wholesale Supply, LLC
Name of Plaintiff

**SUMMONS**

AND

Accredited Surety and Casualty Company, In, et al.
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully.
> If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** North American Risk Services, Inc.

Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #12051131

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *August 21, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

# cocpublicpc_ner4

Job : 11fbde5c-c639-43d3-a73b-53544bf37c83

Host : COCM9833P

Date : 2025/09/22

Time : 11:04

Person Filing: Lawrence R Moon
Address (if not protected): 2999 N. 44th Street Ste 325
City, State, Zip Code: Phoenix, AZ 85018
Telephone: (602)857-8180
Email Address: lgundelach@pmzlaw.com
Representing [ □ ] Self or [ ⊠ ] Attorney for:
Lawyer's Bar Number: 017000, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Winkles, Deputy
8/21/2025 5:32:13 PM
Filing ID 20442981

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2025-030047

Hendrix Wholesale Supply, LLC
Name of Plaintiff

**SUMMONS**

AND

Accredited Surety and Casualty Company, In, et al.
Name of Defendant

| **WARNING:** This is an official document from the court that affects your rights.  Read this carefully.  If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** Attune Insurance Services, LLC
Name of Defendant

1. **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/cfilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #12051131

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *August 21, 2025*

*JOSEPH W. MALKA*
Clerk of Superior Court

By: *A. WINKLES*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.