**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Hendrix Wholesale Supply LLC,

           Plaintiff,

vs.

Accredited Surety and Casualty
Company Incorporated, et al.,

           Defendants.

No.  CV-25-03649-PHX-SPL

**ORDER**

Before the Court is Defendants Attune Insurance Services, LLC and North American Risk Services, Inc.['s] Motion to Dismiss. (Doc. 11). Plaintiff Hendrix Wholesale Supply, LLC filed a Response (Doc. 20), and Defendants filed a Reply. (Doc. 21). For the following reasons, the Motion will be granted.[1]

## I.     BACKGROUND

Plaintiff initiated this action against Defendants Accredited Surety and Casualty Company, Inc. ("Defendant Accredited"), Attune Insurance Services, LLC ("Defendant Attune"), and North American Risk Services, Inc. ("Defendant NARS") in state court. (Doc. 1-1). Defendants removed the action to this Court on October 2, 2025. (Doc. 1). The action arose after a fire occurred at Plaintiff's property (the "Property"), located in Glendale, Arizona. (Doc. 1-1 at 7, ¶¶ 10–11). The Property was insured by Defendant

---

[1]     Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Accredited, and Plaintiff submitted a claim to Defendant Accredited for the damage to the Property caused by the fire. (*Id.* ¶¶ 12, 14). Defendant Accredited "assigned the claim to [Defendant] NARS," which is "a third-party administrator." (*Id.* at 7–8, ¶¶ 4, 15). Defendant NARS sent three payments to Plaintiff. (*Id.* at 8–9, ¶¶ 24–25, 28). However, Plaintiffs allege that Defendants' evaluation of the loss was "unreasonable, untimely, incomplete and incompetent," and that Defendants failed to provide full coverage for the loss. (*Id.* at 9, ¶¶ 30–31).

The Complaint contains two claims: (1) Breach of Insurance Contract; Breach of Covenant of Good Faith and Fair Dealing against Defendant Accredited; and (2) Tortious Bad Faith Claims Handling against all Defendants. (*Id.* at 9–12). On October 8, 2025, Defendants Attune and NARS filed the instant Motion to Dismiss. (Doc. 11). On the same day, Defendant Accredited Answered the Complaint. (Doc. 12). In Plaintiff's Response to the Motion to Dismiss, Plaintiff stated that it "has agreed to dismiss Attune from this action" because of Defendant Attune's "lack of involvement in the insurance claim." (Doc. 20 at 1). The parties then filed a stipulation to dismiss Defendant Attune (Doc. 22), which the Court granted on December 3, 2025. (Doc. 23). Because Defendant Attune has been dismissed, the arguments in the Motion and briefing relate only to the dismissal of Defendant NARS.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, "all allegations of material fact" in the complaint "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v.*

2

*Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

### III.    DISCUSISON

Defendant NARS argues that it should be dismissed from Count Two of the Complaint for Bad Faith Claims Handling because, as a third-party benefits administrator, it did not have a contractual relationship with Plaintiff. (Doc. 11 at 5–7). In response, Plaintiff argues that contractual privity is not a requirement for bringing a tortious bad faith claim under Arizona law. (Doc. 20 at 4). This case was removed to federal court under diversity jurisdiction, so the Court must apply the substantive law of Arizona. *E.g., Am. Triticale, Inc. v. Nytco Servs., Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981) ("It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law.").

Under Arizona law, every contract contains an implied covenant of good faith and fair dealing. *Rawlings. v. Apodeca*, 726 P.2d 565, 569 (Ariz. 1986). The resulting duty is that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.* "An insurance company's duty of good faith [means] an insurer must deal *fairly* with an insured, giving equal consideration *in all matters* to the insured's interests." *Id.* at 573 (quoting *Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133 (Wash. 1986)). "The tort of bad faith arises when the insurer 'intentionally denies, fails to process or pay a claim without a reasonable basis.'" *Zilisch v. State Farm Mut. Auto Ins. Co.*, 995 P.2d 276, 279 ¶ 20 (Ariz. 2000) (quoting *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981)).

The duty of good faith and fair dealing is rooted in the contractual relationship. *Rawlings*, 726 P.2d at 569. Therefore, a third-party administrator "cannot be directly liable for breaching the covenant of good faith and fair dealing because it is not a party to the insurance contract from which that covenant derives." *McGhee v. Sedgwick Claims Mgmt. Servs., Inc.*, No. CV-19-08003-PCT-DLR, 2019 WL 1598032, at \*2 (D. Ariz. Apr. 15, 2019) (dismissing bad faith claim against third party claim administrator because of the lack of any contractual relationship with the plaintiff/insured); *see also Meineke v. GAB Bus. Servs., Inc.*, 991 P.2d 267, 271 (Ariz. Ct. App. 2000) (explaining that the actions of

3

an adjuster who mishandled a claim may be imputed to the insurer, but the adjuster does not owe a separate duty to the insured); *Jacobs v. Am. Fam. Mut. Ins. Co.*, No. CV-13-01404-PHX-SRB, 2013 WL 11785112, at \*1–3 (D. Ariz. Aug. 29, 2013) (dismissing breach of the covenant of good faith and fair dealing claim against an independent insurance adjuster because the adjuster was not a party to the insurance contract).

Plaintiff cites *Gatecliff v. Great Republic Life Insurance Company*, 821 P.2d 725 (Ariz. 1991) for the proposition that "privity of contract is not a requirement of an insurance bad faith claim." (Doc. 20 at 4). However, that case dealt with bad faith claims against an insurance company and its subsidiary company. *Gatecliff*, 821 P.2d at 727. The Arizona Supreme Court held that an insurance company could not avoid liability for a bad faith claim just because its subsidiary company issued the insurance policy. *Id.* at 727–31. The decision was based on the fact that the insurance company was the management company of the subsidiary insurer and "hired the claims adjusters and managed the claims office that processed" the insurance claims at issue. *Id.* at 731. Therefore, the management company could be held directly liable even though it was not a party to the contract. *Id.*

That law does not apply to the facts here. The Complaint does not allege any kind of management and subsidiary relationship between Defendant Accredited and Defendant NARS. (*See* Doc. 1-1). Instead, the Complaint alleges that Defendant NARS "is a third-party administrator for Defendant Accredited." (*Id.* at 7, ¶ 4). Therefore, the law cited by Plaintiff does not apply. Defendant NARS cannot be directly liable for bad faith as a third-party administrator.[2] Therefore, the claim against Defendant NARS in Count Two will be dismissed.

Further, the Court finds that Plaintiff cannot cure this deficiency by alleging additional facts. Consequently, Plaintiff will not be afforded leave to amend Count Two as

---

[2]    Though Plaintiff cannot bring a bad faith claim against Defendant NARS, the actions of the agent or administrator will be imputed to the insurer for purposes of a bad faith claim. *Walter v. F.J. Simmons and Others*, 818 P.2d 214, 223 (Ariz. Ct. App. 1991) ("[A]lthough an insurer may delegate the *performance* of its duty of good faith to a non-servant, it remains liable for the actions taken by this delegate because the *duty* of good faith itself is non-delegable.").

4

to Defendant NARS. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 11) is **granted**.

**IT IS FURTHER ORDERED** that Defendant North American Risk Services, Inc. is **dismissed with prejudice** from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** Defendant North American Risk Services, Inc. as a party to this action.

Dated this 30th day of April, 2026.

Honorable Steven P. Logan
United States District Judge

5